**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**AUGUST 1998 SESSION**

**FILED**

**December 31, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **BRUCE EDWARD LITTLE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9710-CR-00461** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. WALTER C. KURTZ,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**D I S S E N T**

I respectfully disagree with the majority's conclusion that all three counts of the indictment on which the defendant was found guilty provide sufficient facts from which the culpable mental state of "knowingly" can be inferred. The language in count four of the indictment, which alleged possession of cocaine with the intent to deliver, was sufficient because "[b]y alleging that the defendant possessed cocaine which he intended to sell, the indictment necessarily implied that it was a knowing possession." State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993); see T.C.A. § 39-11-301(a)(2) ("intentional" includes "knowing"). Likewise, the language in count one, which charged the defendant with conspiring to deliver cocaine, was sufficient because logically, one can only knowingly or intentionally conspire. It is the language in count two, which charged the defendant with delivery of cocaine, I find insufficient.

As I noted in my dissent in State v. Tyrone Sain, 02C01-9710-CC-00379, Hardeman County (Tenn. Crim. App. filed November 24, 1998, at Jackson), the case of Dykes v. Compton, ___ S.W.2d ___, No. 02S01-9711-CC-00105 (Tenn. September 21,

1998), involved an offense for which the culpable mental state was not specified in the violated statute of count two, which distinguishes it from the instant case. Because the charged statute in count two specified a particular mental state, i.e., "knowing," merely referencing the statute in the indictment will generally not suffice in terms of alleging all essential elements, including scienter. Marshall, 870 S.W.2d at 537; State v. Brandon Wilson, No. 03C01-9609-CC-00352, Blount County (Tenn. Crim. App. filed September 1, 1998, at Knoxville). Thus, unlike the majority in this case, I do not find support in Dykes and would instead conclude that count two of the indictment failed to sufficiently allege scienter, an essential element of delivery of cocaine, which is included in the statute. As such, I would reverse and dismiss the conviction on count two.

_____
JOHN H. PEAY, Judge